UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CP HOWE & ARDEN LLC, a Delaware limited liability company,

Plaintiff,

v.

STARBUCKS CORPORATION, a Washington corporation; and DOES 1-25, inclusive,

Defendants.

No.  2:25-cv-02637-JAM-JDP

**ORDER DENYING DEFENDANT STARBUCKS CORPORATION'S MOTION TO DISMISS**

This matter is before the Court on Defendant Starbucks Corporation's Motion to Dismiss Plaintiff CP Howe & Arden LLC's Complaint.  ECF No. 8-1, Defendant's Memorandum of Points and Authorities ("Mot.").  Plaintiff filed an opposition to Defendant's motion (ECF No. 11 "Opp'n"), and Defendant filed a reply (ECF No. 12 ("Reply").  For the reasons detailed below, Defendant's motion is denied.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  See ECF No. 13; E.D. Cal. L.R. 230(g).

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally filed its complaint in Sacramento Superior Court.  See ECF No. 1.  Defendant timely removed the matter to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, then filed the pending motion to dismiss.  ECF Nos. 1, 8.

This case stems from a commercial lease involving Defendant renting and renovating what had been an unoccupied building owned by Plaintiff (the "premises").  See Compl., ECF No. 1-1, Mot. and Opp'n.  The parties executed the lease in June 2024, but in September 2024, a fire destroyed the premises.  Id.  Plaintiff alleges Defendant failed to secure the premises as required by the lease, which resulted in "a homeless person" entering the premises through a large hole in the fence and starting a fire.  Compl. ¶ 16.  Although the lease required Plaintiff to maintain fire insurance for the premises, Plaintiff "did not have fire insurance at the time of the [f]ire . . . ."  Id. ¶ 35.

According to Plaintiff, the parties "[p]romptly" discussed and agreed on how they were going to address the fire damage, with Defendant assuming responsibility for obtaining permits and reconstructing a new store, and by October 2024, the parties "began performance of their respective obligations[,] consistent with their agreement[.]"  Compl. ¶ 18.  The parties also worked to memorialize their agreement in a First Amendment to the Lease; although it was not executed, the parties performed the terms included in the Amendment until late July 2025 and Plaintiff paid consideration in connection with the Amendment.  Id. ¶¶ 19-33.  At the end of July 2025, Plaintiff issued a Demand for Performance, and within a week, Defendant delivered a Notice of

2

Default of Lease.  Id. ¶¶ 34-35.  Approximately one week later, Plaintiff initiated a lawsuit for breach of contract, seeking damages, fees, costs, and declaratory relief.  See ECF No. 1.

## II.   OPINION

### A.   Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party."  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)).  That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  Iqbal, 556 U.S. at 678.  In the same vein, conclusory or "formulaic recitation[s] of the elements" do not alone suffice.  Id. (internal quotations and citations removed).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

   B.   Analysis

   Defendant argues Plaintiff's complaint should be dismissed with prejudice because: (1) Plaintiff committed the first material breach of the lease; (2) It is barred by the Statue of Frauds; (3) Promissory Estoppel and Consequential Damages are not adequately pled; and (4) Plaintiff's second cause of action is fatally duplicative.  The Court addresses each of these arguments below under California law, which governs Plaintiff's claims here.

        1.   Material Breach

   Defendant, primarily relying on Brown v. Grimes, 192 Cal.App.4th 265 (2d Dist. Ct. App. 2011), takes the position that Plaintiff's failure to maintain fire insurance is a material breach of the parties' contract, requiring the Court to dismiss Plaintiff's complaint. See Mot. at pg. 7-8; Reply at pg. 1-2.  Defendant's reliance on Brown is misplaced. Indeed, the sentence from the Brown opinion quoted by Defendant in its brief is preceded by a sentence which includes critical language supporting the denial of Defendant's motion to dismiss.  As stated in Brown, "[n]ormally the question of whether a breach of an obligation is a material breach, so as to excuse its performance by the other party, is a question of fact." Brown, 192 Cal.App.4th at 277; see also Whitney Inv. Co. v. Westview Dev. Co., 273 Cal.App.2d 594, 601 (4th Dist. Ct. App. 1969)

4

("Whether a breach is so material as to constitute cause for the injured party to terminate a contract is ordinarily a question for the trier of fact".); Smith v. Empire Sanitary District, 127 Cal.App.2d 63, 73 (3d Dist. Ct. App. 1954) ("The materiality of a breach is in the main a matter for the trial court to determine from all the facts and circumstances shown in evidence."). Tellingly, the cases relied on by Defendant in its motion and reply are almost all post-trial cases. Defendant does not cite any case supporting its argument that the Court may determine there was a material breach from the face of the complaint, and from that, preclude Plaintiff's breach of contract claims.

Instead, the Court must assume the allegations in Plaintiff's complaint are true and view "them in the light most favorable to the nonmoving party." Parks Sch. of Bus., 51 F.3d at 1484. In doing so, the Court agrees with Plaintiff – there is a dispute regarding whether there was a material breach that cannot be resolved at this procedural stage, and Plaintiff's claims are not barred given the facts included in Plaintiff's complaint. See Opp'n at pg. 13-15. Accordingly, Defendant's motion to dismiss based on Plaintiff's alleged material breach is denied.

### 2.    Statute of Frauds

Defendant next argues the parties' original contract falls within the Statue of Frauds (Cal. Civ. Code section 1624), requiring a dismissal of Plaintiff's complaint. Mot. at pg. 10-12; Reply at pg. 2-3. Defendant argues the Ninth Circuit case Fanucchi & Limi Farms v. United Agri Products, 414 F.3d 1075

(9th Cir. 2005) forecloses Plaintiff's claims here because, in that case, the court found an alleged oral amendment to a written loan agreement was unenforceable.

Fanucchi involved the adjudication of a summary judgment motion.  414 F.3d at 1077-1080.  Significantly, the Ninth Circuit reversed the trial court's ruling as to the plaintiff's claimed exception to the Statute of Frauds under a theory of novation, allowing plaintiff's breach of contract claim to proceed to trial based on an alleged oral modification of the parties' contract.  Id. at 1081-85.  As with Defendant's material breach arguments, Defendant relies on cases where courts needed to review and rely on evidence submitted by the parties in order to rule as a matter of law on some of the parties' claims and defenses, either at the summary judgment or trial phases, unlike the procedural posture here.  See Mot. at 12 (citing Davidson v. ConocoPhillips Co., No. C08-1756 BZ, 2009 WL 2136535 (N.D. Cal. July 10, 2009) (motion for summary judgment) and Marani v. Jackson, 183 Cal. App. 3d 695, 705 (1st Dist. Ct. App. 1986) (appeal after trial)).  The findings or conclusions Defendant requests this Court to make involve questions of fact and disputed evidence. Plaintiff argues it has adequately pled exceptions to the Statute of Frauds, including partial performance. The Court agrees. Defendant's motion improperly asks this Court to disregard those factual allegations and instead make findings as a matter of law based on Defendant's interpretation of the evidence.  See Gerritsen v. Warner Bros. Entertainment, Inc., 116 F.Supp.3d 1104, 1118 (C.D. Cal. June 12, 2015) ("A court must normally convert a Rule

12(b)(6) motion into a Rule 56 motion for summary judgment if it considers evidence outside the pleadings.") (internal quotations omitted).  Defendant's motion to dismiss based on the Statute of Frauds is denied because Plaintiff's complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief," and the Court declines to engage in a summary judgment-type analysis at this juncture.  Fed. R. Civ. P. 8(a)(2).

              3.    Promissory Estoppel and Consequential Damages

Defendant argues Plaintiff failed to plead sufficient facts supporting theories of promissory estoppel and consequential damages, relying exclusively on cases involving mortgages or lenders.  See Mot. at pg. 12-15.

Defendant's reliance on this precedent is misplaced.  Cases involving mortgage loans and the relationship between a lender and a home buyer have well-developed rules surrounding the Statute of Frauds and oral amendments to loan contracts, exemplified by the Khan case Defendant cites.  Defendant has not demonstrated these rules and precedent apply to a commercial lease agreement and the relationship between the parties as exists in this case.  See Khan v. CitiMortgage, Inc., 975 F.Supp.2d 1127, 1136-37 (E.D. Cal. Sept. 30, 2013) (collecting cases related to mortgages and statute or frauds; "[a]s a general rule, a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments in unenforceable. . . .  Mortgages and deeds of trust are subject to the statute of frauds.") (internal quotations and citations omitted).

The elements of promissory estoppel are: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." Laks v. Coast Fed. Sav. & Loan Assn., 60 Cal.App.3d 885, 891 (2d Dist. Ct. App. 1976) (citing Thomson v. Int'l Alliance of Stage Employes, 232 Cal.App.2d 446 (2d Dist. Ct. App. 1965)).  As detailed in its opposition, Plaintiff has satisfied the low pleading threshold to overcome Defendant's motion to dismiss, given Plaintiff's allegations regarding a promise, reliance, the parties' negotiations and timing of the alleged breach, and Plaintiff's damages.  See Opp'n at pg. 17-19; Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (a motion to dismiss may be denied if the complaint's allegations "plausibly give rise to an entitlement to relief . . . .").

4.    Declaratory Relief

Defendant moves to dismiss Plaintiff's second cause of action, claiming it is wholly duplicative of Count One; Plaintiff counters that it has satisfied the liberal pleading standards.  See Mot. at pg. 15, Opp'n at 19.  Defendant does not provide any response in its Reply, which the Court views as a concession.  Moreover, Plaintiff's second cause of action seeks a finding specific to the Amendment, and the case cited by Defendant is inapposite, including because it applies Pennsylvania state law, although it contains language helpful to the Plaintiff.  See United Safeguard Distributors Association, Inc. v. Safeguard Business Systems, Inc., 145 F.Supp.3d 392

(C.D. Cal. Nov. 17, 2015) ("Although 'the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate,' [] 'the availability of other adequate remedies may make declaratory relief inappropriate.'") (internal citations omitted).  Accordingly, Defendant's motion to dismiss Count Two is denied.

Based on its findings above, the Court need not address Defendant's periphery arguments regarding Plaintiff's allegations that contradict the lease terms, including whether the parameters of the lease included a requirement to secure the fence.  See Mot. at pg. 8-10; Reply at pg. 2.

III.   ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss. Defendant shall file its Answer to the Complaint withing twenty days of the date of this Order.

IT IS SO ORDERED.

Dated: March 3, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

9